USDC SCAN INDEX SHEET










```
JAH    7/28/06    15:33
3:06-CV-01447   GARCIA V. PATENAUDE AND FELIX
*1*
*CMP.*
```

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiff
Marisa Garcia



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| MARISA GARCIA, | Case No. 06CV 1447 IEG  POR |
|---|---|
| PLAINTIFF, | VERIFIED COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| PATENAUDE & FELIX, A.P.C., | |
| DEFENDANT. | |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

VERIFIED COMPLAINT FOR DAMAGES          PAGE 1 OF 8

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. MARISA GARCIA, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PATENAUDE & FELIX, A.P.C., (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

---
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**VERIFIED COMPLAINT FOR DAMAGES    PAGE 2 OF 8**

8. Venue is proper pursuant to 28 U.S.C. § 1391.

PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of San Diego, County of San Diego, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

VERIFIED COMPLAINT FOR DAMAGES          PAGE 3 OF 8

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before August 23, 2005, Plaintiff allegedly incurred financial obligations to CITIBANK that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before August 23, 2005, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before August 23, 2005, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about August 23, 2005, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

22. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

23. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of

the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.  Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

24. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal. Civ. Code 1788 et seq.

25. On or about August 23, 2005, Plaintiff sent a facsimile to Defendant in which Plaintiff disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b). (See Plaintiff's Exhibit 1).

26. On or about August 24, 2005, Defendant placed a telephone call to Plaintiff's home.  Plaintiff did not answer the telephone, but recognized Defendant's telephone number from Plaintiff's "Caller ID."

27. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

//

//

28. Because this communication did not comply with certain provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

29. On or about September 21, 2005, Defendant placed another telephone call to Plaintiff's home. Plaintiff did not answer the telephone, but recognized Defendant's telephone number from Plaintiff's "Caller ID."

30. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

31. Because this communication did not comply with certain provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

32. On or about May 15, 2006, Plaintiff was served with a Summons, indicating that Defendant had filed a lawsuit against Plaintiff to recovery the alleged debt. (See Plaintiff's Exhibit 2).

33. By filing this lawsuit, and seeking to collect the alleged debt, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

34. Because Defendant did not comply with certain provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

//

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

40. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 7/13/06

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

## *Affidavit and Verification of Complaint by Marisa Garcia*

## *Regarding:*

I, Marisa Garcia, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I, Marisa Garcia, declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

_Marisa Garcia_ (signature)
Marisa Garcia

6-14-06
Date Signed

August 23, 2005

Law Offices of Patenaude & Felix
Attn: Sonya Paul
Re: Reference # 145.8662
Fax: 858-836-0320

Dear Ms. Paul,

Per our phone conversation yesterday, August 22, 2005 you stated you were representing Citibank for a debt that you claim I owe. Please send to me a detailed summary of the debt and all documentation that supports your claim. You can forward this information that I have requested to the following address; 4760 Larkin Ct. Simi Valley, CA. 93063.

I look forward to your response and your cooperation with this matter.

Sincerely,

*Marisa L. Garcia*
Marisa L. Garcia

PLAINTIFF'S EXHIBIT:
1
HYDE & SWIGART
(619) 233-7770

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

MAY 09 2006

MICHAEL D. PLANET
Executive Officer and Clerk

BY: DENISE M. LUGG

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARISA L GARCIA

AND DOES 1 THROUGH 15, INCLUSIVE
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREAT SENECA FINANCIAL CORPORATION

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web Site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar pata su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin mas advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar an servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y direccion del la corte es):*

CASE NUMBER: SC046454
*(Numero del Caso)*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
SIMI VALLEY DIVISION
3855-F ALAMO STREET
SIMI VALLEY, CA 93063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la direccion y el numero de telefono del abogado del demandante, o del demandante que no tiene abogado, es)*
LAW OFFICES OF PATENAUDE & FELIX A.P.C.
RAYMOND A. PATENAUDE, ESQ. #128855 / VICTOR S. PATENAUDE #216342
DAVID C. SCOTT #225893 / MATTHEW B. GOLDING #177123 / MICHAEL B. BOULANGER #226294
4545 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CA 92123    Telephone    (858) 244-7600

DATE: MAY 09 2006    MICHAEL D. PLANET    Clerk, by _____DENISE M. LUGG_____ Deputy
*(Fecha)*                                   *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

[SEAL]

**PLAINTIFF'S EXHIBIT:**
**2**
HYDE & SWIGART
(619) 233-7770

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

# UNITED STATES DISTRICT COURT, Southern DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Marisa Garcia

**DEFENDANTS**
Patenaude & Felix, A.P.C.

FILED
06 JUL 18 PM 12:41
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
San Diego

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
San Diego

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

**Attorneys** (If Known)
unknown

'06CV 1447 IEG POR

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☑ No     ☐ MONEY DEMANDED IN COMPLAINT: $ 50000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 et seq., Fair Debt Collection Practices Act; Cal. Civ. Code 1788 et seq., Rosenthal Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

#127214  $350  ko  7/18/06

ORIGINAL